Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the court of hustings for the city of Portsmouth rendered on the 10th day of July, 1878, in a case of an information, in the *97 nature of a quo warranto, tiled in the name of the Commonwealth of Virginia, at the suggestion of E. TV. Maupin, against the plaintiff in error, V. A. It was charged in the information that the said V. A. Haynes, on the 1st day of July, 1878, and continuously since that time, in the said city of Portsmouth, did, without any legal authority, exercise the office of conimissioner of the revenue of said city against the peace and dignity of the Commonwealth of Virginia and to the special prejudice of E. ~W. Maupin, who, at a general election held in the said city* on the 23d day of May, 1878, was duly elected commissioner of the i’evenue of said city for the term of two years commencing on the 1st day of July, 1878, and who has duly qualified as commissioner of the revenue for said city for said term of two yeai’s. The defendant plead “not guilty” and also filed a special plea, in which, in substance, he claimed to have been duly elected as commissioner of the revenue of said city for four years from the 1st day of July, 1876; that he had duly qualified as such by giving bonds, with sureties, and taking the oath as required by law; that he duly entered upon the duties of the office, and had continued to perform them since his qualification afoi’esaid, and would continue to perform them until the termination of his office, on the 1st day of July, 1880, unless sooner removed; and that the election for commissioner of the revenue for said city held on the 23d day of May, 1878, at which the said Maupin claims to have been elected as such commissioner, was held wfithout authority of law and was illegal and void.
And the said defendant waived all matters of formal procedure and a jury and submitted all matters of law and fact to the court; and the court having maturely considered the same and the agreed statement of facts, which was filed, was of opinion, and so adjudged, that *98 the said V. A. Iiaynes is guilty of exercising the office of commissioner of the revenue for the city of Portsmouth without legal authority, as alleged in said information, and therefore ordered and adjudged that he be ousted from said office.
There was a bill of exceptions taken by the defendant to said judgment, in which bill the court certified that the cause was heard upon the following agreed statement of facts, which were all the facts proved on the trial, to wit:
“That at the general election held for the city of Portsmouth on the 29th day of May, A. 1). 1876, the defendant, Virginius A. Haynes, was duly elected commissioner of the revenue for said city; that he received the certificate of said election from the proper officers authorized to declare and certify his said election ; that on the 10th day of June, 1876, he duly qualified as such commissioner of the revenue before the court of hustings for the city of Portsmouth, and gave the bond of office, with approved sureties-, and took and subscribed the several oaths as prescribed by law; that he also,, gave to the city of Portsmouth the official bond prescribed by the ordinances of said city, with sureties approved by the council of said city, and did all other acts of necessary qualification to said office; that he entered upon the discharge of the duties and the exercise of the rights of said office on the 1st day of July, 1876, and that be has since continued to exercise the rights and discharge the duties of said office, and is still exercising and discharging the same, and that he declines to surrender the said office under the claim that he was elected commissioner of the revenue of the said city as aforesaid for the term of four years commencing from the 1st day of July, 1876; that at the general election held for the said city on the 23d day of last May E. "W. Maupin was elected commissioner of the revenue for said city; that *99 he was duly declared elected, and has received the certificate of his election from the proper officers; that he duly qualified as such commissioner on the 13th day June, 1878, before the court of hustings for said city, gave the official bond, with approved sureties, and took and subscribed the several oaths of office as prescribed by law, and also gave a proper official bond to the city of Portsmouth, with sureties approved hy the council of sáid city, and did all other acts of qualification of said office, and on the 1st day of July, 1878, he made formal demand of the said Y. A. Haynes for the surrender of the official books and papers held hy him as commissioner of the revenue of the city, which the said Y. A. Haynes refused to do, and still refuses to do; that the said E. W. Alaupin claims title to said office by virtue of his said election and the provisions of the thirty-third section of the act of the general assembly of Virginia entitled “an act to provide a new charter for the city of Portsmouth,” approved 11th March, 1873, which said act was given in evidence on the trial.”
The relator, Maupin, claims to be entitled to the said office by virtue of an election held under the thirty-third section of the act entitled “ an act to provide a new charter for the city of Portsmouth,” approved March 11th, 1873, ch. 152, pp. 133-34.
The defendant, Haynes, claims to be entitled to it by virtue of an election held -under the first section of the act entitled “an act prescribing general provisions in relation to commissioners of the revenue and the assessment of taxes on persons, property, income, licenses, &c.,” approved'March 16, 1875, ch. 206, p. 215. And he contends that the latter act repealed the former as to the election of commissioner of the revenue for the city of Portsmouth.
Upon that question alone this case depends. If there was such a repeál, Haynes is entitled to the office in con *100 troversy; if there is no such repeal, Maupiu is entitled to it.
Was there such a repeal or not ?
The first section of the said act, approved March 16, among other things not material to be noticed, substantially enacts that “there shall be four commissioners of the revenue for each of the counties of Bed-ford,” &c.; “ three for each of the counties of Fauquier;” &c.; two for each of the counties of Accomack,” &c.; “ and one for every other county now existing or which may be hereafter created; and one for each city and town now authorized by law to elect a commissioner of the revenue, which said commissioners shall be elected, give bond, and qualify as prescribed by law,” &c. “The term of office of the commissioners of the revenue shall commence on the 1st day of July next after their election, and continue for four years from the day when their term of office, respectively, commenced, unless sooner removed. Each commissioner shall reside in the district for which he was elected, and his removal therefrom shall vacate his office: provided that the voters residing within any corporation, who are hereby authorized to elect a 'commissioner of the revenue for such corporation, shall not vote for the commissioners of the revenue for the county within the limits of which such corporation may lie.”
The thirty-third, section of the said act, approved March 11th, 1873, among other things not material to be noticed, enacts that there shall be elected by the qualified voters of the city of Portsmouth, on the fourth Thursday in May, 1874, and every two years thereafter, one commissioner of the revenue, who shall hold his office for the term of two years, and until his successor shall be elected and qualified, unless sooner removed from office. He shall give bond, with sureties to be approved by the city council, in the penalty of not less *101 than two thousand dollars, said bond to be filed in the office of the city clerk. He shall perform such duties, have such powers, and be liable to such penalties as now or may hereafter be prescribed by laws or ordinances,” &c.
How, is the said act of March 11th, 1873, repealed by the said act of March 16th, 1875, as to the duration of the term of office of a commissioner of the revenue of the city of Portsmouth ? The duration of such term by the former act being two years, whereas by the latter act the duration of the term of office of a commissioner of the revenue is four years.
If the clause in the latter act which provides that “the term of office of the commissioners of the revenue shall commence on the 1st day of July next after their election, and continue for four years from the day when their term of office, respectively, commenced, unless sooner removed,” applies to a commissioner of the revenue for the city of Portsmouth, then, clearly, there is such a repeal. As to this there can be no doubt or difficulty. The two acts, in that view, are irreconcilably in conflict, and the latter, of course, repeals the former, by necessary implication, which is just ás effective as an express repeal would be.
It now only remains to inquire, Does not the latter act apply to a commissioner of the revenue of the city of Portsmouth ? Why does it not, just as much as to any other city of the commonwealth ? Ho other city is named in the latter act any more than Portsmouth. 0 Do the general words of the latter act, “ and one for each city and town now authorized by law to elect a commissioner of the revenue,” which in terms apply to all cities and towns authorized by law to elect a commissioner of the revenue, in fact apply to no such city and town ? If they apply to some and not to all, to which do they apply ? There is at least as much reason for their appli *102 cation to the city of Portsmouth as to any other city of the state. The following words, in the said first section the act of March 16,1875, to wit: “ the term of office of the commissioners of. the revenue shall commence on the 1st.day of July next after their election, and continue for four years from the day when their term of office, respectively, commenced, unless sooner removed,” plainly embrace a commissioner of the revenue for the city of Portsmouth, because they plainly embrace a commissioner of the revenue for each city and town authorized at the date of the act to elect a commissioner of the revenue, and the city of Portsmouth was certainly then so authorized. That these words apply as well to such cities and towns as to counties plainly appears from the fact that such cities and towns no more than counties are excluded from their operation ; and such cities and towns as well as counties being the common antecedents of the said words in the same section, they relate to the whole of the said antecedents by the plain rule of grammatical construction. That the legislature had in its mind in framing the whole of the said first section commissioners of the revenue for such cities and towns as well as counties is manifest not only from the express words of the previous part of the section, but also from the following words in the subsequent part thereof, viz: “ provided that the voters residing within any corporation, who are hereby authorized to elect a commissioner of the revenue for such corporation, shall not vote for the commissioners of the revenue for the county, within the limits of which such^corporation may lie.”
The first section of the act of March 16th, 1875, is very similar in its terms to the first section of chapter 35 of the Code of 1860, page 187. In the latter, the words in regard to the duration of the term of office are: “The term of office of the commissioners of the revenue shall commence on the 1st day of February next after their *103 election, and continue for two years from the day when their term of office, respectively, commenced, unless sooner removed.” In the former, the words are: “The term of office of the commissioners of the revenue shall commence on the 1st day of J uly next after their election, and continue for four years from the day when their term of office, respectively, commenced, unless sooner removed.” These wrords in the two statutes are identical except as to the commencement and duration of the term. Hobody ever doubted but that these words in the Code of 1860 applied to commissioners of the revenue as "well of corporations as of counties; and for the same reason the same or similar words in the act of March 16,1875, must have the same application. The new constitution made a radical change in the old county and town organizations: retaining the office of commissioner of the revenue as to towns, but abolishing it as to counties. This made it necessary to have different law's on the subject in carrying out the new constitution. But when, recently, the new constitution was so amended as to restore the office of commissioner to the counties, and place them on the same footing in that respect with the towns, it was deemed fit to re-enact the same form of legislation on the subject of commissioners of the revenue that existed before the new constitution was adopted. It follows that the construction must also be the same.
There is nothing in any of the cases cited by the learned counsel of the appellee which is in conflict with - the foregoing view's^ and it is unnecessary to review them here.
The court is therefore of opinion that the judgment of the court below is erroneous and ought to be reversed and annulled, and in lieu thereof a judgment rendered that the said V. A. Haynes has legal authority to exercise the office of commissioner of the revenue for the *104 city of Portsmouth until the expiration of the term of f°ur 3'ears from the 1st day of July, 1876, the day on his term of office commenced, unless sooner removed, and that he continue to hold and exercise thesa^ accordingly,
ipjjg judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the said plaintiff in error, Virginius A. Haynes, was duly elected to the office of commissioner of the revenue for the city of Portsmouth for the term of four years from the 1st day of July, 1876, and duly qualified as such commissioner, and will be entitled to continue to hold said office until the expiration of said term, unless sooner removed; and that the said judgment is erroneous. Therefore it is considered that the said judgment be reversed and annulled, and that the said Virginius A. Haynes recover of the relator in this case, the said E. ~W. Maupin, the costs by him, the said Haynes, expended in the prosecution of his writ of error aforesaid here. And this court, proceeding to pronounce such judgment as the said hustings court ought to have rendered, it is further considered that the said Playnes is not guilty of exercising the office of commissioner of the revenue for the city of Portsmouth without legal authority, as alleged in the said information, and that he be not ousted from the said office, and that he recover of the said relator, Maupin, the costs by him, the said Haynes, about his defence to the said information in the said hustings court expended; which is ordered to be certified to the said hustings court for the city of Portsmouth.
Judgment reversed.